STATE ex rel. KELLY vs. WENTWORTH, Circuit Judge.

*December 15, 1882 — January 9, 1883.*

*Exceptions: Filing: Indorsement.*

Where exceptions to instructions are made by noting them on the margin of the paper on which such instructions are written, the omission of the clerk to indorse such paper, "Instructions and exceptions thereto," as required by the rule, is not fatal to such exceptions, especially where they are made known to the opposite party. Upon its being made to appear that such exceptions were made in good faith and that the omission to make the indorsement was a mere inadvertence, the court might allow the indorsement to be made *nunc pro tunc;* and the trial judge having allowed the exceptions in the bill of exceptions, this court will not set them aside or by *mandamus* direct the trial judge to do so.

MOTION for a writ of *mandamus.* The facts are stated in the opinion.

*Edwin White Moore,* for the relator:

1. The records import absolute verity and cannot be impeached. *Peterson v. State,* 45 Wis., 535; *Callon v. Sternberg,* 38 id., 539; *Healy v. Kneeland,* 48 id., 497; *Cassiday v. Millerick,* 52 id., 379. Under Rule I, Circuit Court Rules, the indorsement, "These instructions filed April 6, 1882," excludes every possible inference of the exceptions being in the paper at the date of filing. The same rule requires the clerk to refuse to file a paper not having indorsed thereon, "the character of the paper;" and if filed it shall be stricken out. Hence if this paper was filed after the exceptions were written in, there was no filing of the exceptions, because the indorsement did not show that the paper contained exceptions. Not having been filed the exceptions were unavailing. Rule XXIV, sec. 3. See *Hawley v. State,* 69 Ind., 98. 2. The exceptions being certified to have been duly taken, the only remedy is by *mandamus* to have the bill of exceptions corrected. *Wilcox v. Bates,* 45 Wis., 138; *Germann v. Schwartz,* 21 id., 661; *State ex rel. v. Noggle,* 13 id., 424;

*State ex rel. v. Small*, 47 id., 436; *Garibaldi v. Carroll*, 33 Ark., 568. It has been held that it must appear upon the record that all the necessary steps to make exceptions good have been taken. *Armstrong v. Mock*, 17 Ill., 166; *Dismuke v. Trammell*, 64 Ga., 428; *Russell v. March*, 6 id., 491. While in New York it has been held that it will be presumed from the certificate of the judge to the bill of exceptions that all the acts required by law on the part of the exceptor have been performed. *Wakeman v. Lyon*, 9 Wend., 241. The correction desired in this case pertains to an act of a party required to be done subsequent to the trial, and necessarily beyond the cognizance of the judge. Hè depends for his information as to whether the act was done or not upon the same evidence which is presented to this court. And upon the doing of that act depends the validity of the exceptions.

For the respondent there was a brief by *H. V. Van Pelt*, and oral argument by *J. T. Fish*.

TAYLOR, J. The relator moves this court for a writ of *mandamus* to compel the respondent, as circuit judge of the first circuit, to correct the bill of exceptions settled and filed in the case of *Michael J. Kelly, respondent, v. William A. Phelps, appellant*, now pending in this court, by striking from the same the exceptions to the instructions of the court given to the jury on the trial of that case, and the exceptions to the refusal of the said court to give certain instructions asked by the defendant. The facts disclosed on this motion show that the instructions given by the judge were in writing, as well as the instructions asked and refused; that on the day of the trial, and before such instructions were in fact filed by the clerk of the court, the defendant's attorney received such written instructions from the hand of the circuit judge, and wrote on the margin of the instructions given and refused, their exceptions to such as appear

in the bill of exceptions as excepted to, and on the same or the next succeeding day delivered such instructions, with the exceptions so made to the same, to the clerk of said court, who indorsed the same as "Instructions," and marked the same filed April 6, 1882, and that the term of said court did not expire for more than a week after the 7th day of April, 1882.

The circuit judge of said court certifies that it is the usual practice in that court to allow exceptions to instructions to be made by noting them on the margin of the paper on which such instructions are written. That such is a common practice at the circuit court is not denied by the learned counsel for the relator. His point is that he was not bound to take notice of these exceptions, because the paper in which they were contained had not indorsed thereon the "character" of the paper, as required by Rule I of the rules of practice of the circuit courts. The affidavit of the learned counsel for the relator fails to deny that he had knowledge of the fact that the exceptions were noted by the counsel for the defendant on the margin of the instructions given and refused, as they appear on file in said court, previous to the adjournment of the term at which such action was tried. We must therefore infer that he had such knowledge. Regularly, the paper containing the instructions of the court, when it also contains the exceptions to the same, should be indorsed, as required by said rule, "Instructions and exceptions thereto;" but we think the omission to so indorse the same is not fatal to the exceptions, especially when the exceptions so taken are made known to the opposite party. The court might, notwithstanding the rule, allow the exceptions; or, if necessary to the regularity of the proceedings, he might allow the indorsement to be made *nunc pro tunc*, upon its being made to appear that such exceptions were made in good faith, and the omission to make the indorsement was a mere inadvertence. Sec. 2830, R. S. 1878. The

circuit judge having allowed the exceptions in the bill of exceptions, we are not at liberty to set them aside, or to direct the circuit judge to do so, upon a mere technicality which the circuit court had ample power to correct upon application therefor.

*By the Court.*— The motion for the writ of *mandamus* is denied.